**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

SHARON POPE, individually, as next of kin )
of KATHERINE CARAWAY, deceased, and )
as Guardian of P.G.W.C.; and RUSS )
CARAWAY, Individually and as next of kin )
of KATHERINE CARAWAY, deceased, )
                                 )
             Plaintiffs, )
                                 )     Case No. 19-CV-377-TCK-CDL
v. )
                                 )
WAL-MART STORES, EAST, LP, )
                                 )
            Defendant. )

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand. Doc. 35. In their motion, Plaintiffs

Sharon Pope and Russ Caraway assert that this case—which was filed in Oklahoma State Court

and subsequently removed to Federal Court by Defendant Wal-Mart Stores East, LP ("Wal-Mart")

pursuant to 28 U.S.C. §§1332, 1441(a) and 1445 and LCvR 81.2 (diversity jurisdiction)—was

improperly removed. *Id.* Wal-Mart opposes the motion. Doc. 38.

### I. Background

This lawsuit arises from the death of Katherine Caraway, whose body was found inside the

family restroom of a Wal-Mart in Sand Springs on June 26, 2017. On June 24, 2019, the

deceased's parents—Sharon Pope, individually, as next of kin of the deceased and guardian of the

deceased's child, P.G.W.C.—and Russ Caraway, individually and as next of kin of the deceased—

filed suit in Tulsa County, Oklahoma District Court, asserting the following claims:

- First Cause of Action, on behalf of Pope, Caraway and P.G.W.C.: Wrongful Death. Doc. 2-2, at 3-4.

- Second Cause of Action, on behalf of Pope: Negligence and/or Gross Negligence, Including Negligent Hiring, Training, Supervision, and Staffing. *Id.* at 4-5.

- Third Cause of Action, Pope, on behalf of P.G.W.C.: Negligence and/or Gross Negligence, Including Negligent Hiring, Training, Supervision, and Staffing. *Id.* at 5-6.

- Fourth Cause of Action, Caraway: Negligence and/or Gross Negligence, Including Negligent Hiring, Training, Supervision, and Staffing. *Id.* at 6-7.

The Petition alleges Plaintiffs are both "next of kin pursuant to Okla. Stat. tit. 12, §§ 1053 and 1054," and Plaintiffs seek both actual damages in excess of $75,000 and punitive damages for each cause of action. *Id.* at 3, ¶¶16, 7.

On July 10, 2019, Wal-Mart—a Delaware limited partnership with its principal place of business in Bentonville, Arkansas[1]—removed the case to this Court pursuant to 28 U.S.C. §§ 1332(c)(2) 1441(a) and 1446 and LCvR 81.2 based on diversity jurisdiction.[2]  Doc. 2. In the parties' Joint Status Report and again in the Amended Joint Status Report, Plaintiffs stipulated that jurisdiction in this Court was appropriate.  Docs. 13-14.  A scheduling order was entered on September 9, 2019, and amended scheduling orders were entered April 10, 2020, August 5, 2020 and November 4, 2020, extending deadlines for discovery, dispositive motions and the trial date. Docs. 15, 18, 23, 26.  Under the most recent scheduling order, the deadline for dispositive motions was February 16, 2021, and trial is set for July 19, 2021.  Doc. 26. Wal-Mart timely filed its Motion

---

1. Defendant Walmart is comprised of two partners, both of which are Delaware limited liability companies with their principal places of business in Bentonville, Arkansas.  Accordingly, it is a citizen of the State of Arkansas.

2. 21 U.S.C. §1332(c)(2) provides:

> [T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

Accordingly, for purposes of Plaintiffs' wrongful death claim, both parents are considered to be residents of Oklahoma.

for Summary Judgment, and the motion is now at issue.  Doc. 28.  Plaintiffs filed the pending

Motion to Remand on May 21, 2021.  Doc. 35.

In their motion, Plaintiffs assert—for the first time, and in contradiction of their earlier

jurisdictional stipulations—that the case was improperly removed to federal court because, as of

the date of the filing of the petition and the date of removal (June 24, 2019 and July 10, 2019,

respectively), Plaintiff Russ Caraway—decedent's father—resided in and was domiciled in

Arkansas, and therefore, complete diversity was lacking. Doc. 35 at 1-2.

Resolution of this motion turns on whether—in addition to the wrongful death claim made

on behalf of the Estate of Katherine Caraway—Plaintiffs can assert "independent" claims against

Wal-Mart for negligence and/or gross negligence.  If so, Russ Caraway's Arkansas residency

destroys diversity jurisdiction, and the case must be remanded to state court. Wal-Mart, though,

argues that there can only be one recovery for a decedent's alleged wrongful death, and neither

Plaintiff is entitled to pursue a wrongful death claim in his or her individual capacity.  Doc. 38 at

2.

In their Petition, Plaintiffs did not describe themselves as the Personal Representatives of

the Estate of Katherine Caraway.  However, they both alleged they were the decedent's "next of

kin" and claimed they had the legal authority to bring the claim pursuant to 12 O.S. §§ 1053 and

1054. Doc. 2-2, Petition, ¶16.

Section 1053(A) provides, in pertinent part:

When the death of one is caused by the wrongful act or omission of another, the
personal representative of the former may maintain an action therefor against the
latter, or his or her personal representative if he or she is also deceased, if the former
might have maintained an action, had he or she lived, against the latter, or his or
her representative, for an injury for the same act or omission.

Pursuant to 12 O.S. §1053(B), the damages recoverable in a wrongful death action include:

1.   Medical and burial expenses, which shall be distributed to the person or governmental agency as defined in Section 5051.1 of Title 63 of the Oklahoma Statutes who paid these expenses, or to the decedent's estate if paid by the estate. . .

2. The loss of consortium and the grief of the surviving spouse;

3.  The mental pain and anguish suffered by the decedent, which shall be distributed to the surviving spouse and children, if any, or next of kin in the same proportion as personal property of the decedent.  For the purposes of actions maintained pursuant to subsection F of this section, "next of kin" as used in this paragraph shall mean the parent or grandparent who maintained the action as provided for in paragraph 3 of subsection F of this section;

4. The pecuniary loss to the survivors based  on properly admissible evidence with regard thereto including, but not limited to, the age, occupation, earning capacity, health habits, and probable duration of the decedent's life, which must insure to the exclusive benefit of the surviving spouse and children shall be distributed to the surviving spouse and children, if any, or next of kin in the same proportion as personal property of the decedent.  For the purposes of actions maintained pursuant to subsection F of this section, "next of kin" as used in this paragraph shall mean the parent or grandparent who maintained the action as provided for in paragraph 3 of subsection F of this section; and

5. The grief and loss of companionship of the children and parents of the decedent, which shall be distributed to them according to their grief and loss of companionship.

*Id.*

Additionally, 28 U.S.C. §1332(c)(2) provides:

[T]he legal representative of the decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

The decedent was a resident of Oklahoma. Thus, Plaintiffs' wrongful death cause of action against Wal-Mart, as well as Russ Caraway's alleged "independent claim," are both premised on Plaintiffs' allegations that Wal-Mart caused or contributed to Katherine Caraway's death by failing to unlock the door of the store's family restroom.

It is well settled that, at common law, "*no civil action* lies for an injury which results in death.". *Potter v. Pure Oil Co.,* 182 Okla. 509, 696 (Okla. 1938) (emphasis added). Accordingly, while Plaintiffs have properly asserted a claim for wrongful death pursuant to 12 O.S. §§1053 and 1054, their common law claims for negligence and gross negligence are subject to dismissal.

Plaintiffs—citing *Tank v. Chronister*, 160 F.3d 597 (10th Cir. 1998)—argue they are not barred from filing claims in addition to the wrongful death claim. In *Tank,* the Tenth Circuit Court of Appeals—applying Kansas law—stated:

> In Kansas, there are two separate and distinct actions that may arise out of a person's  death caused by another's negligence. A survival action may be brought only by the estate administrator pursuant to Kan. Sta. Ann. §60-1901, and only for the purpose of recovering damages suffered by the decedent prior to death. In contrast, a wrongful death action may be brought only by the decedent's heirs-at-law pursuant to Kan. Stat. Ann. §60-1902, and only for their "exclusive benefit" for damages suffered by them as a result of the wrongful death. . . The claim for wrongful death is brought neither on behalf or for the benefit of the estate, but only on behalf and for the benefit of the heirs.

*Id.* at 599. As previously noted, however, Oklahoma law—unlike Kansas law—provides that a wrongful death action filed by "next of kin" is not a separate and distinct action brought by an estate administrator, but simply an extension of the authority to file such an action. As a result, neither Russ Caraway nor any other next of kin may assert any claim other than the wrongful death claim.

Accordingly, Plaintiffs' Motion to Remand (Doc. 35) is denied.

ENTERED this 14th day of June, 2021.

*Terence C Kern*

TERENCE C. KERN
United States District Judge

5