IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

SHARON POPE, individually, as next of kin )
of KATHERINE CARAWAY, deceased, and )
as Guardian of P.G.W.C.; and RUSS )
CARAWAY, Individually and as next of kin )
of KATHERINE CARAWAY, deceased, )
                                         )          Case No. 19-CV-377-TCK-CDL
             Plaintiffs, )
                                           )
v. )
                                           )
WAL-MART STORES, EAST, LP, )
                                           )
             Defendant. )

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment filed by defendant Wal-Mart Stores

East, LP ("Wal-Mart").  Doc. 28.  Plaintiffs Sharon Pope and Russ Caraway oppose the motion.

Doc. 29.

### I. INTRODUCTION

This wrongful death lawsuit arises from the death of Plaintiffs' adult daughter, Katherine

Caraway, in the bathroom of a Wal-Mart store in Sand Springs Oklahoma, in January of 2017.

Plaintiff—to whom Wal-Mart had previously issued a Notification of Restriction from Property—

entered the store on January 23, 2017 and locked herself in the family bathroom of the Wal-Mart.

Her body was discovered on January 26, 2017, when a Wal-Mart employee unlocked and opened

the door to the family bathroom.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id.* However, the party opposing a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party opposing a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

A movant that "will not bear the burden of persuasion at trial need not negate the nonmovant's claim, "but may "simply . . . point[] out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal citations omitted). If the movant makes this prima facie showing, "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)). "In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial. The mere possibility that a factual dispute may exist, without more, is not sufficient to overcome convincing

presentation by the moving party." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988) (internal citations omitted).

### III.  MATERIAL FACTS

On January 23, 2017, Plaintiffs' decedent, Katherine Caraway, entered Wal-Mart's retail store located at 220 S. Highway 97 in Sand Springs, Oklahoma.  Petition, ¶7.  Prior to that time, she had been apprehended two previous times at other area Wal-Mart stores.  Specifically:

- On September 1, 2014, Caraway had been apprehended by store associates at a Wal-Mart store located at 3116 S. Garnett Road in Tulsa, Oklahoma, while attempting to shoplift from the store.  Ex. 2, Asset Protection Case Record; Ex. 3, Charlotte Christman Affidavit.

-  On July 29, 2016, store associates at a Wal-Mart located at 1000 W. Shawnee St. in Muskogee, Oklahoma apprehended her as she was attempting to shoplift from the store.  Ex. 3, Christman Affidavit; Ex. 4, Asset Protection Case Record.

Following the second apprehension, on July 29, 2016, Caraway was issued a Notification of Restriction from Property advising her that she was no longer allowed on any property owned by Wal-Mart.  Ex. 5. The Notification advised Caraway that if she ignored the Notification and entered any Wal-Mart property, she could be charged with criminal trespass. *Id.*

On January 23, 2017, Caraway entered Wal-Mart's retail store in Sand Springs. *Id.*, Ex. 3. She then exited the store and returned to the vehicle she was driving as of that date.  *Id.* [1]  Later the same day, Caraway returned to the Sand Springs Wal-Mart, where she locked herself in a public "family restroom" at the back of the store.  *Id.*, Ex. 1. After she locked herself in the public restroom at the back of the store, she died.  *Id.*

---

[1] Wal-Mart alleges that during the visit, Caraway shoplifted cans of compressed air duster, then took them to an abandoned car she was living in and ingested them. Plaintiffs dispute this allegation.  For purposes of the pending motion, this disputed allegation is immaterial.

The Report of Autopsy for Caraway indicates that the cause of death was cardiac arrhythmia due to difluoroethane toxicity, and it was noted that empty cans of air duster were found in decedent's car at the scene. *Id.*, Ex. 6. The death was labeled as accidental. *Id.* The Certificate of Death for Caraway lists the immediate cause of death as cardiac arrhythmia, and the leading cause of death as difluoroethane toxicity. *Id.*, Ex. 6. It also states that Caraway's "injury" was "self administered." Ex. 7.

In its Answer to Plaintiff' Petition, Wal-Mart admitted that its associates at the store in Sand Springs were operating within the course and scope of their employment at all pertinent times. Ex. 8, Answer to Plaintiffs' Petition, ¶21.

Neither Plaintiff Sharon Pope nor Plaintiff Russ Caraway were at the Sand Springs Wal-Mart store during all pertinent times. Statement of Undisputed Fact 12.

**IV. ANALYSIS**

To establish a negligence claim under Oklahoma law, a plaintiff must show: (1) the existence of a duty on the part of the defendant to protect plaintiff from injury; (2) defendant's breach of the duty; and (3) injury to plaintiff proximately resulting therefrom. *Scott v. Archon Group, L.P.*, 191 P.3d 1207, 1211 (Okla. 2008).

"'The question of whether a duty of care is owed to the plaintiff is a threshold question of law which represents 'the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.'" *Hoagland v. Okla. Gas & Elec. Co*., 2016 WL 3523755 at *2*, quoting *Trinity Baptist Church v. Brotherhood Mut. Ins. Servs., LLC*, 341 P.2d 75, 82-83 (Okla. 2014). "In general, owners or possessors of land owe duties of care to others who come onto the premises which vary according to whether the visitors are considered trespassers, licensees, or invitees." (citing *Scott v. Archon Grp., L.P.*, 191 P.3d 1207, 1211 (Okla. 2008).

4

The Oklahoma Supreme Court has described the duties as follows:

> To a trespasser, a landowner owes in the common law status-based classification system only a duty to avoid injuring him willfully or wantonly. To a licensee, an owner owes a duty to exercise reasonable care to disclose to him the existence of dangerous defects known to the owner, but unlikely to be discovered by the licensee. This duty extends to conditions the existence of dangerous defects known the owner, but unlikely to be discovered by the licensee. This duty extends to conditions and instrumentalities which are in the nature of hidden dangers, traps, snares and the like. To an invitee, an owner owes the additional duty of exercising reasonable care to keep the premises in a reasonably safe condition for the reception of the visitor. Even *vis-à-vis* an invitee, to whom a landowner owes the highest duty in this trichotomous classification system, the law does not require the landowner to protect the invitee against danger which are so apparent and readily observable that one would reasonably expect them to be discovered.

*Pickens v. Tulsa Metropolitan Ministry*, 951 P.23d 1079, 1083-1084.

Under Oklahoma law, trespass is defined as "an actual physical invasion of the real estate of another without the permission of the person lawfully entitled to possession." *Williamson v. Fowler Toyota, Inc.*, 956 P.2d 858, 862 (Okla. 1998) (citing *Fairlawn Cemetery Ass'n v. First Presbyterian Church*, 496 P.2d 1185 (Okla. 1972). "[A] trespasser is one who enters upon the property of another without any right, lawful authority, or express or implied invitation, permission, or license, not in the performance of any duty to the owner or person in charge or on any business of such person, but merely for his own purposes, pleasure, or convenience, or out of curiosity." *Id.*

Having been banned from entering Wal-Mart stores, decedent was unquestionably a trespasser, to whom Wal-Mart owed nothing more that the duty to avoid injuring her wantonly or willingly. *Pickens, supra.* Even assuming Plaintiff did not shoplift the cans of compressed air duster found in the car, the bottom line is that she was prohibited from entering Wal-Mart, and Wal-Mart owed no duty to unlock the family restroom and find her body.

## V.  CONCLUSION

For the foregoing reasons, Wal-Mart's Motion for Summary Judgment (Doc. 28) is hereby granted.

**ENTERED this 14th day of June, 2021.**

TERENCE C. KERN
United States District Judge